**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mansion Entertainment Group, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 25-60808 |
| _____ | ) | |
| | ) | |
| Crossland Construction Company, Inc | ) | Adv. Pro. No.: 26-06003-BTF |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mansion Entertainment Group, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S RESPONSE TO CROSSLAND CONSTRUCTION COMPANY'S**
**MOTION FOR RETROACTIVE RELIEF FROM THE AUTOMATIC STAY**

Crossland Construction Company, Inc. ("Crossland"), pursuant to 11 U.S.C. § 362(d), filed its motion for retroactive relief from the automatic stay, if applicable, representing to the Court as follows:

**RELEVANT FACTUAL BACKGROUND**

1.       On August 10, 2023, Crossland executed a written contract ("Contract") with debtor, Mansion Entertainment Group, LLC ("MEG") under the terms of which Crossland

agreed to serve as the construction manager in connection with a project known as, "Three Ponies RV Park and Campground" ("Project"). [Dkt. 1 at ¶ 10][1].

**Trustee's Response: The Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

2. On May 30, 2024, after MEG failed to honor its payment promises, Crossland recorded a lien (the "Lien") against the Project in Craig County, State of Oklahoma. Upon information and belief, the property at issue is owned by OGB Holdings, LLC. [Id. at ¶ 25].

**Trustee's Response: The Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

3. On October 29, 2024, Forrec US, Inc. ("Forrec"), an architectural firm MEG apparently hired to design the American Heartland Theme Park Project and associated Stony Point Harbor Land and Hotel and Indoor Water Park, filed a lien foreclosure action in Craig County, State of Oklahoma to recover payment of $5,363,802.25 owed by MEG in design fees (the "Craig County Action"). [Id. at ¶ 26]

**Trustee's Response: The Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

4. Forrec named Crossland as a co-defendant in the Craig County Action

---

[1] All documents referenced in Crossland's Relevant Factual Background Section were filed in Adversary Proceeding No. 26-06003-BTF.

because of its lien. Crossland was left with no choice but to initiate arbitration to obtain an award and judgment for the amount owed by MEG, so it could proceed in the Craig County Action. [Id. at ¶ 27].

**Trustee's Response: The Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

5. On January 3, 2025, Crossland filed its arbitration demand with the American Arbitration Association ("AAA"), seeking payment of the amount owed for its work under the Contract, GMP Amendment, and Change Order No. 2 in the amount of $324,466.48 (the "Arbitration"). [Id. at ¶ 28].

**Trustee's Response: The Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

6. In early December 2025, the Arbitration was stayed pursuant to the instant bankruptcy action. [Id. at ¶ 29].

**Trustee's Response: The automatic stay created at the time of the filing of the bankruptcy case would normally stay all pending proceedings, but the Trustee has insufficient information to determine the validity of the allegation, and therefore denies same.**

7. To proceed with foreclosure in the Craig County Action, on March 2, 2026, Crossland filed its adversary action (the "Adversary Action") against MEG for a declaratory ruling regarding the amount owed to Crossland on the Project. [Id.].

**Trustee's Response:  The Trustee admits that the adversary action was filed on March 2, 2026 but the Trustee has insufficient information to determine the validity of the allegation regarding the reason for the filing, and therefore denies same.**

8.      On March 3, 2026, the Court issued its Pretrial Order and Notice of Trial ("Pretrial Order") setting a pretrial conference for May 5, 2026, with trial to begin on June 11, 2026. [Dkt. 10].

**Trustee's Response: Admits**

9.      On March 4, 2026, service was obtained on MEG.  To date, MEG has not filed an answer or other responsive pleading. [Dkt. 12 and 13].

**Trustee's Response:  An amended petition was filed naming the Trustee as Defendant and the time for filing an answer or other responsive pleading has not expired.**

10.      On March 30, 2026, counsel for Crossland conferred with the bankruptcy trustee ("Trustee") appointed in Bankruptcy Case No. 25-60808-BTF7. The Trustee indicated that the Trustee, not MEG, should be the named party defendant in the Adversary Action.  The Trustee also raised concerns over whether Crossland should have sought relief from the automatic stay prior to filing its adversary complaint.  Although Crossland disagrees, Crossland is filing this motion for relief from the automatic stay out of an abundance of caution.

**Trustee's Response:   The Trustee denies the limited allegations contained in paragraph 10.  The Trustee did have a call with two attorneys (Matthew Tillma**

and Tanner France) representing the Crossland. The Trustee explained that a proof of claim had been filed and that the amount claimed was deemed allowed unless an objection was filed.  The Trustee further explained that the claim process takes the place of litigation in most bankruptcies.  Additionally, the Trustee said that he was never advised of the potential filing of the adversary action, and that the attorneys for the debtor, did not have authority to enter an appearance in the case without the authority of the Trustee, or file to discovery requests in the adversary matter. The Trustee suggested that the adversary case be dismissed without prejudice.  The two attorneys indicated that the Trustee's position made sense but they would need to discuss the request to dismiss with their client.  They indicated that they would get back to the Trustee shortly and acknowledged that an answer or responsive pleading was due the following week.  On April 3, 2026 having not heard back from either attorney, the Trustee wrote to them asking that they let him know by the end of the business day what they were going to do.  Later that day, The Trustee received an email from a third attorney who indicated that "…I intended to reach out to you yesterday but got tied up with other things". He reported that the complaint would not be voluntarily dismissed.  He also noted that a motion for leave to amend the adversary complaint had been filed, as well as a motion for retroactive relief from the stay. (The motion for relief was actually filed three days later.). The amended complaint names the Trustee as the defendant.

## ARGUMENTS AND AUTHORITIES

### A. Crossland is Entitled to Retroactive Relief from the Automatic Stay to the Extent Relief is Required.

As stated above, the Trustee has advised Crossland of his position that Crossland was required to seek relief from the automatic stay prior to filing the Adversary Action. The Trustee bases his position on 11 U.S.C. § 362(a). Crossland respectfully disagrees. There is significant legal authority indicating that relief from the automatic stay is not required when filing an adversary action within the underlying bankruptcy proceeding. *In re Briarwood Hills Associates, L.P.*, 237 B.R. 479, 480 (Bankr W.D. Mo. 1999) (the automatic stay does not apply to proceedings in the bankruptcy court having jurisdiction over the debtor). See also, *In re North Coast Village, Ltd.*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992) (the automatic stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending); *In re Atreus Enterprises, Ltd.*, 120 B.R. 341, 346 (Bankr S.D.N.Y. 1990) (any action to recover property, to collect money, to enforce a lien, or to assert a prepetition claim against the debtor which would otherwise be enjoined by 11 U.SC. 362(a) if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy is pending).

The automatic stay is designed "(1) to provide the debtor a breathing spell from his or her creditors by stopping all collection efforts, (2) to protect creditors from each other by stopping the race for the debtor's assets and preserving the assets for the benefit of all creditors, and (3) to provide for an orderly liquidation or administration of the estate." *In*

*re North Coast Village, Ltd.*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992). The Adversary Action does not intrude on the protections afforded by the automatic stay. As such, Crossland does not believe it was required to seek relief from the automatic stay prior to filing the Adversary Action. However, out of an abundance of caution, Crossland requests retroactive relief from the automatic stay, if necessary.

Bankruptcy courts are granted wide latitude in crafting relief from the automatic stay, including the power to provide retroactive relief from the stay. *In re Vierkant*, 240 B.R. 317, 324 (B.A.P. 8th Cir. 1999). "A determination by the bankruptcy court to grant relief from the automatic stay is guided by § 362(d) of the Bankruptcy Code." *In re Martens*, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005). "That section provides that the court shall grant relief from the automatic stay for cause, or if there is no equity and the property is not necessary for an effective reorganization." *Id*. "Cause" has been defined as "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding. *Id*. Specifically, § 362(d) states as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Even if otherwise applicable, the automatic stay should be lifted retroactively to allow Crossland to proceed with the Adversary Action.  Crossland's action has no effect whatsoever on property of the bankruptcy estate.  Crossland is not seeking damages against MEG in the Adversary Action.  Crossland merely seeks an adjudication of the amount owed by MEG, so it can proceed with foreclosing on non-estate property in the Craig County Action.  Moreover, Crossland has not obtained the full benefit of the bargain under its Contract with MEG and cannot pursue its *in rem* remedy in the Craig County Action without first obtaining an adjudication of the amount owed by MEG.  Because of the automatic stay, Crossland is unable to liquidate the amount owed by MEG in the Arbitration or any other forum.  Cause exists for the automatic stay to be retroactively lifted so that Crossland can obtain an adjudication of the amount owed by MEG.  In short, granting Crossland's request for relief from the automatic stay will cause no prejudice to either MEG or other creditors nor will it frustrate the purpose of the automatic stay.   For the reasons stated above, retroactive relief from the automatic stay should be granted to allow Crossland to prosecute the Adversary Action.

**Trustee's Response:  The Trustee believes that the Court should dismiss the pending adversary proceeding or abstain from hearing the matter.  This matter should be placed on the Court's docket on May 13, 2026.  Also pending on that on that date is the United States Trustee's motion to dismiss.  The Trustee has**

**also filed a Notice Of Intent to Abandon Assets. The Trustee anticipates that**

**pending stayed litigation involving Mansion Entertainment Group, LLC, will**

**be able to proceed, as will the pending stayed arbitration proceedings, in the**

**locations where they were pending on the filing date of the bankruptcy petition.**

Respectfully submitted.

**MERRICK, BAKER & STRAUSS, P.C.**

By: /s/ Bruce E. Strauss
BRUCE E. STRAUSS     MO# 26323
1044 Main Street, Suite 500
Kansas City, MO 64105
Telephone: (816) 221-8855
Facsimile: (816) 221-7886
Emails: trustee@merrickbakerstrauss.com
**TRUSTEE**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on the 21th day of April 2026, with the United States Bankruptcy Court for the Western District of Missouri using the CM/ECF Electronic court filing system, which automatically provides notice to all parties listed on the Court's Electronic Notice List including:

Jesse L. Langford
Licata Bankruptcy Firm P.C.
1442 E. Bradford Parkway
Springfield, MO 65804
**Debtor's Attorney**

Matthew L. Tillma
Baker Sterchi Coeden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
**Attorney for Crossland
Construction Company, Inc.**

Jill Parsons
DOJ-Ust
400 E. 9th St., Room 3440
Kansas City, MO 64106
**U.S. Trustee**

Mansion Entertainment Group, LLC
McDermott Will & Schulte LLP
Attn: Michael Nadel
500 North Capitol Street NW
Washington, DC 20001

*/s/ Bruce E. Strauss*
**BRUCE E. STRAUSS**